**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1877
_____

JUAN LORENZO PAULINO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(A043-328-948)
Immigration Judge: Honorable Jesus Clemente
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 15, 2011

Before: FUENTES, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Opinion filed: September 23, 2011)
_____

OPINION
_____

PER CURIAM.

Juan Lorenzo Paulino, a native and citizen of the Dominican Republic, petitions

for review of the Board of Immigration Appeals' ("BIA") final removal order denying his

1

application for deferral of removal under the Convention Against Torture ("CAT"). We will deny the petition for review.

I.

Paulino, presently age forty-one, was admitted to the United States in 1992 as a lawful permanent resident. In 2002, he was convicted in New York State of second-degree criminal sale of a controlled substance and sentenced to fifty-four months in prison. Paulino absconded from a work release program in 2004. In 2009, he was convicted in the United States District Court for the District of New Jersey of conspiracy to distribute five or more kilograms of cocaine and sentenced to eighty-four months in prison. The Department of Homeland Security issued a notice to appear charging removability for an aggravated felony conviction (8 U.S.C. § 1227(a)(2)(A)(iii)), a controlled substance offense (8 U.S.C. § 1227(a)(2)(B)(i)), and two crimes involving moral turpitude (8 U.S.C. § 1227(a)(2)(A)(ii)).

Proceeding pro se before the Immigration Judge ("IJ"), Paulino conceded his removability on the grounds charged, and he sought a deferral of removal under the CAT based on his alleged fear of returning to the Dominican Republic. Paulino testified that certain members of his family had received warnings and threats that Paulino would be killed in the Dominican Republic because he had provided information to the prosecution regarding four members of his federal drug conspiracy. While Paulino does not claim to fear those four co-conspirators, he does claim to fear Estalin Perez, an individual who had supplied cocaine to Paulino, and for which Paulino had never made payment. Paulino

contends that Perez has threatened to kill him for the lost cocaine as well as for cooperating with the government. Paulino alleges that Perez lives in the Dominican Republic and has become a police officer so that he can kill Paulino when he returns.

The IJ denied CAT relief, rejecting the credibility of Paulino's testimony and finding no basis in the evidence to afford relief. The BIA dismissed Paulino's appeal. Assuming the credibility of Paulino's testimony, the BIA held that Paulino failed to sustain his burden of proof for deferral of removal under the CAT. In particular, the BIA found that Paulino had not shown that it is more likely than not that he would be tortured at the instigation or with the acquiescence of a public official. In addition, the BIA found the evidence insufficient to demonstrate that Perez, in fact, is a police officer in the Dominican Republic, as neither Paulino nor his family members have actually seen Perez in the Dominican Republic, and Paulino presented no firsthand evidence that Perez had joined the police. Consequently, the BIA concluded, any action perpetrated by Perez would be retribution for a personal dispute, which falls short of the government sanctioned torture required under the CAT. Finally, the BIA explained that the evidence does not indicate that the Dominican Republic's government would approve of, or be willfully blind to, atrocities committed against individuals who, like Paulino, engage in the illegal drug trade and expose themselves to the risk of violence. Paulino timely filed a petition for review in this Court.

## II.

Our jurisdiction over a petition for review is limited when a criminal alien, like

3

Paulino, is removable for an aggravated felony conviction. See 8 U.S.C. § 1252(a)(2)(C). In such cases, our jurisdiction extends only to constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(D); Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005).

Paulino challenges the denial of his application for deferral of removal under the CAT. He first argues that the BIA erred by failing to apply the correct law when considering the cooperation that he provided in his federal prosecution. In particular, Paulino argues that he is entitled to "witness protection" under INA § 236(c)(2), 8 U.S.C. § 1226(c)(2), which provides in part that "[t]he Attorney General may release an alien described in [§ 236(c)(1)] only if the Attorney General decides … that release of the alien from custody is necessary to provide protection to a witness …."

We agree with respondent that this issue raises a reviewable "question of law" under § 1252(a)(2)(D), but the issue is plainly without merit. INA § 236(c) governs the detention of criminal aliens and the circumstances under which the Attorney General may release such aliens from custody. Section 236(c) has no connection to Paulino's eligibility for CAT protection, and the BIA did not err in failing to consider that statute. In addition, to the extent Paulino suggests that the United States has a duty to protect him because it placed him in danger that he would not otherwise have faced by seeking his cooperation in a drug prosecution, this Court has rejected the "state-created danger" argument as a basis for seeking relief from removal. See Rranci v. Att'y Gen., 540 F.3d 165, 171 (3d Cir. 2008); Kamara v. Att'y Gen., 420 F.3d 202, 217-18 (3d Cir. 2005)

4

("Extending the state-created danger exception to final orders of removal would impermissibly tread upon the Congress' virtually exclusive domain over immigration, and would unduly expand the contours of our immigration statutes and regulations, including the regulations implementing the CAT.").

The remaining arguments in Paulino's pro se appellate brief can be construed as suggesting that the BIA erred in its application of the law governing CAT protection to the undisputed facts of record.[1] We retain jurisdiction to review this issue, see Toussaint v. Gonzales, 455 F.3d 409, 412 n.3 (3d Cir. 2006), and inquire whether Paulino "has identified … evidence to compel the conclusion that it is more likely than not that he will be tortured upon return to [the Dominican Republic]." De Leon-Ochoa v. Att'y Gen., 622 F.3d 341, 357 (3d Cir. 2010). Such torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

Paulino claims to fear retribution from his drug supplier, Perez, for failing to pay for drugs and for having cooperated with the government in connection with his criminal prosecution. The record reflects, however, that Paulino did not provide evidence to the government about Perez himself. Furthermore, the undisputed facts do not establish that Perez currently lives in the Dominican Republic or is a member of the police force in that country, as Paulino asserts. Moreover, the evidence does not show that any public

---

[1] Insofar as Paulino seeks to challenge the IJ's adverse credibility determination, that issue is not properly before this Court. Like the BIA, we can and will assume the credibility of Paulino's testimony for purposes of our analysis.

5

official in the Dominican Republic would consent or acquiesce to the mistreatment of Paulino. The record, therefore, does not compel the conclusion that Paulino is entitled to deferral of removal under the CAT.

Finally, to the extent that Paulino takes issue with the BIA's resolution of factual issues (such as whether Perez lives in the Dominican Republic or is a police officer there), and its weighing of the evidence presented, we agree with respondent that we lack jurisdiction to review those issues. See Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007) (recognizing that "arguments such as that an [IJ] or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D)").

### III.

For the reasons stated, we will deny the petition for review.