**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2481
_____

JUAN PAULINO,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A043-328-948)
Immigration Judge:  Jesus Clemente

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 20, 2012
Before:  CHAGARES, VANASKIE AND BARRY, Circuit Judges

(Opinion filed: October 1, 2012)
_____

OPINION
_____

PER CURIAM

        Juan Lorenzo Paulino petitions for review of an order of the Board of Immigration

Appeals ("BIA") denying his motion to reopen and reconsider his removal proceedings.

For the reasons that follow, we will deny the petition for review.

Paulino is a native and citizen of the Dominican Republic who was admitted to the United States in 1992 as a lawful permanent resident. In 2002, he was convicted of a state drug offense. While serving his sentence, he absconded from a work release program in 2004. In 2009, he was convicted in the United States District Court for the District of New Jersey of conspiracy to distribute five or more kilograms of cocaine. He was sentenced to eighty-four months in prison. The Department of Homeland Security charged him with removability for an aggravated felony conviction (8 U.S.C. § 1227(a)(2)(A)(iii)), a controlled substance offense (8 U.S.C. § 1227(a)(2)(B)(i)), and two crimes involving moral turpitude (8 U.S.C. § 1227(a)(2)(A)(ii)). Paulino conceded his removability but sought a deferral of removal under the United Nations Convention Against Torture ("CAT"). He claimed that he feared returning to the Dominican Republic because of threats of being killed by his drug supplier, Estalin Perez. Paulino asserted that Estalin Perez seeks retribution for the lost cocaine as well as for Paulino's having provided the prosecution with information about the federal drug conspiracy. Paulino further stated that Estalin Perez is a police officer in the Dominican Republic.

In 2010, after a hearing, the Immigration Judge ("IJ") denied relief and ordered Paulino's removal. On March 21, 2011, the BIA affirmed the IJ's decision, finding that the evidence was insufficient to show that Estalin Perez is a member of the police force or that the government of the Dominican Republic would approve of, or be willfully blind to, the torture of its citizens by a private individual. On September 23, 2011, we

denied Paulino's petition for review in C.A. No. 11-1877, finding that the record did not compel the conclusion that Paulino was entitled to deferral of removal.

On December 27, 2011, Paulino filed with the BIA a motion to reopen and remand based on changed circumstance, namely, that his fourteen-year-old cousin in the Dominican Republic was abducted and beaten by Estalin Perez and his thugs. Paulino stated that his cousin lost three teeth and suffered several cuts that required stitches on his head. He further stated that the perpetrators told his cousin that the beating was intended as a message of what Paulino would face upon his return to the Dominican Republic. On January 24, 2012, the BIA denied the motion. The BIA noted that Paulino did not support his motion with any corroborating evidence. The BIA also noted that, while the attack and threats might constitute changed circumstances, Paulino had not shown that they were material to his CAT claim because they constituted private conduct outside of the scope of CAT protection. Thus, the BIA concluded that Paulino had not shown that he is prima facie eligible for CAT relief, and that the motion was not exempt from the time limitation for a motion to reopen.

On February 13, 2012, Paulino filed another motion with the BIA, seeking both reconsideration of the BIA's January 24, 2012 decision and reopening of the proceedings based on new evidence of the attack on his cousin. In support, Paulino submitted evidence including a police report and a sworn affidavit by his aunt regarding the attack on her son. On April 24, 2012 the BIA denied the motion. The BIA found that as a motion to reopen, it was untimely and number-barred. Further, the BIA found that the

3

motion failed to identify any error of fact or law in its prior decision, and that the new evidence did not change the BIA's prior finding that Paulino had not shown prima facie eligibility for relief.

This petition for review followed. We have jurisdiction pursuant to 8 U.S.C. § 1252 to review the BIA's denial of Paulino's motion to reconsider and motion to reopen, and we apply the abuse of discretion standard to our review. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Under that standard, the BIA's decision may be reversed only if it is "arbitrary, irrational, or contrary to law." Id. (citing Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004)).

We first consider Paulino's motion to reconsider. A motion to reconsider must specify the errors of fact or law at issue in the prior BIA decision. 8 C.F.R. § 1003.2(b)(1). We agree with the BIA's finding that Paulino's motion itself does not specify any errors of fact or law. However, the record indicates that Paulino requested consideration of the new evidence and a memorandum that he had attempted to file in connection with his previous motion to reopen. Paulino argued in that document, and now argues in his brief, that the BIA applied the wrong legal standard to his CAT claim. He cites Silva-Rengifo v. Attorney General, 473 F.3d 58 (3d Cir. 2007), arguing that the definition of "acquiescence" that the BIA had adopted in Matter of S-V-, 22 I. & N. Dec. 1306 (BIA 2000), was incorrect. In Silva-Rengifo, 473 F.3d at 65, we rejected the BIA's conclusion that the acquiescence that must be shown for a CAT claim requires actual knowledge of torturous activity, as required in Matter of S-V-. Rather, we held that "an

4

alien can satisfy the burden established for CAT relief by producing sufficient evidence that the government in question is willfully blind to such activities." Id.

Paulino's argument is without merit, because the BIA did not apply the "actual knowledge and acquiescence" standard of Matter of S-V in his case. In its March 21, 2011 decision, the BIA cited and applied the correct standard of showing that it is more likely than not that the alien will be tortured at the instigation of, or with the consent or acquiescence of, a public official of the country of removal. See 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Moreover, there is no indication that the BIA applied an incorrect standard in evaluating the CAT claim in its subsequent decisions in Paulino's case. We conclude that the BIA did not abuse its discretion in denying the motion to reconsider.

As for Paulino's motion to reopen, there appears to be no dispute with the BIA's finding that it was both untimely and number-barred. See 8 U.S.C. §§ 1229a(c)(7)(A) & (C)(i); 8 C.F.R. § 1003.2(c)(2). However, the restrictions do not apply to motions that rely on evidence of "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous hearing." 8 U.S.C. §§ 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). A motion to reopen must establish prima facie eligibility for relief, that is, a reasonable likelihood of establishing entitlement to relief, upon review of evidence accompanying the motion as well as record evidence. See Guo, 386 F.3d at 563 and n.7 (citing Sevoian v. Ashcroft, 290 F.3d 166, 173 n.5 (3d Cir. 2002)).

5

Paulino argues that he amply supported his argument of changed circumstances by providing additional evidence of the attack on his cousin. However, as noted by the BIA, this additional evidence does not alter the earlier finding that Paulino has not demonstrated that he is prima facie eligible for CAT relief. To qualify for CAT relief, the torture in question must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). As we stated in our September 23, 2011 decision in Paulino's previous petition for review, the undisputed facts in the record do not establish that Estalin Perez is a member of the police force, nor do they establish that any public official in the Dominican Republic would consent or acquiesce to the mistreatment of Paulino. See Paulino v. Att'y Gen., C.A. No. 11-1877, slip op. at 5-6 (3d Cir. Sept. 23, 2011). Thus, the additional evidence that Paulino submitted concerning the attack on his cousin is unavailing to warrant reopening.

We add that Paulino argues that he is entitled to release from custody in light of his assistance to the prosecution in his criminal case and the danger he faces as a result of his cooperation. In support, he quotes section 236(c)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c)(2), which allows for release of a criminal alien "only if the Attorney General decides . . . that release of the alien from custody is necessary to provide protection to a witness, a potential witness, [or] a person cooperating with an

investigation into major criminal activity . . . ."[1]  We previously determined that this argument is "plainly without merit," because section 236(c) has no connection to Paulino's eligibility for CAT relief.  Paulino v. Att'y Gen., C.A. No. 11-1877, slip op. at 4.  We need not revisit that determination here.

We discern no abuse of discretion in the BIA's denial of Paulino's motion to reconsider and reopen.  Accordingly, we will deny the petition for review.

---

[1] Paulino cites to INA § 236(c)(1), relating to custody of criminal aliens, and "INA § 261(c)(2)" in quoting the statutory language above.  We interpret the reference to section 261 as an inadvertent error.